# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THEODORE E. POWELL**, <br><br> Plaintiff, <br><br> v. <br><br> **ELIZABETH DAVIS**, <br><br> Defendant. | Case No. 18-cv-0297 (CRC) |

## MEMORANDUM OPINION

Theodore Powell, a former teacher, contends that the Washington Teachers Union failed to adequately represent him in challenging his termination by the District of Columbia Public Schools. Because federal court is not the proper forum for Mr. Powell to press his complaint, the Court will dismiss the case. And because Mr. Powell has persisted in filing lawsuit after lawsuit alleging the exact same claims despite repeated warnings that his efforts were futile and wasteful, the Court will enjoin him from filing any similar suit in the future without first obtaining leave of this Court.

**I.  Background**

Mr. Powell was a physical education teacher for the District of Columbia Public Schools ("DCPS") and a member of the Washington Teachers Union ("WTU"). He states that he was "battered by students" and was the victim of "several on the job assaults," leading to loss of eyesight, necrosis in his feet, and emotional trauma. Compl. at 2, 5. Powell says that his school's principal did nothing about it; even worse, the principal fired him. Compl. at 2-3.

Powell alleges that the WTU breached its duty of fair representation to him by failing to advance his grievances about work-related injuries and to contest his termination.[1]

Powell has sought recourse for these alleged wrongs for over seven years, through eight different legal actions in three different fora. In this latest action, he has named WTU's President, Elizabeth Davis, as the sole defendant. Because Ms. Davis's motion to dismiss and request for an injunction barring future litigation are premised on the fact that this current suit is no different from previous incarnations, the Court will recount that litigation history briefly here.[2]

- **February 2011**: Powell sued WTU and various WTU officials in District of Columbia Superior Court. All claims stemmed from the alleged failure of the WTU to support him regarding workplace injuries and in challenging his DCPS termination. Powell v. Am. Fed'n of Teachers, 883 F. Supp. 2d 183, 184 (D.D.C. 2012). After removal to this Court, Judge Sullivan dismissed the case for lack of jurisdiction, reasoning that Powell's claims were subject to the exclusive jurisdiction of the D.C. Public Employee Relations Board ("PERB"). Id. at 186-87.

- **April 2011**: Powell filed an unfair labor practice complaint with the PERB, contending that the WTU failed to adequately represent him regarding workplace injuries and in challenging his DCPS termination. Powell v. Wash. Teachers' Union, PERB Case No.

---

[1] This factual recitation is stated in general terms, but that is consistent with the lack of specific details in Powell's *pro se* complaint.

[2] For a fuller picture of Mr. Powell's litigation activity, see pages 3-7 of Ms. Davis's motion to dismiss and its accompanying exhibits. ECF No. 9.

11-U-26, Op. No. 1136, 2011 WL 13079466, at *1 (Oct. 7, 2011). The PERB dismissed the complaint. Id. at *2-3.

- **August 2012**: Powell filed suit in federal court, naming WTU, various WTU officials, and the PERB as defendants, and again contending that the WTU failed to adequately represent him regarding workplace injuries and in resisting his DCPS termination. Powell v. Am. Fed'n of Teachers, Civ. A. No. 12 1384, 2012 WL 3757731, at *1 (D.D.C. Aug. 22, 2012). Powell also requested that the Court review the PERB's decision. Judge Lamberth, like Judge Sullivan before him, dismissed the case for lack of jurisdiction. Id.

- **September 2013**: Powell filed two more lawsuits in this district, the first asking for a writ of mandamus that would compel DCPS to re-hire him, and the second repeating the now-familiar claim that WTU failed to adequately represent him. Powell v. Washington Teachers' Union, 968 F. Supp. 2d 267 (D.D.C. 2013); Powell v. Gray, Civ. A. No. 13-1568, 2013 WL 5615129 *1 (D.D.C. Sept. 26, 2013). Judge Howell referenced the prior decisions by Judges Sullivan and Lamberth, dismissed both cases for lack of jurisdiction, and warned Powell that he "still has no recourse in this Court." Powell, 2013 WL 5615129 at *1.

- **November 2014**: Powell filed yet another suit in this district against WTU for allegedly failing to represent him; he also challenged the PERB's dismissal of his complaint. Powell v. Gray, No. 1:14-cv-01997, 2014 WL 6734809, at *1 (D.D.C. Nov. 25, 2014). Judge Contreras dismissed the case for lack of jurisdiction and *res judicata*. Id.

- **July 2015**: Powell filed a second petition for review of the PERB decision in D.C. Superior Court, but the petition was dismissed as barred by *res judicata* and collateral

3

estoppel. Powell v. Bowser, No. 2015 CA 004962 P(MPA) (D.C. Super. Ct. Oct. 6, 2015).

- **May 2017**: Powell returned for a fifth time to this district, asking it to review the PERB's dismissal of Powell's complaint. Powell v. Bowser, Civ. A. No. 1:17-cv-01135 (D.D.C. May 19, 2017). Judge Chutkan recognized the suit as "yet another attempt by [Powell] to challenge his termination," noted that Powell had been "told before" of the futility of pursuing relief in federal court, and dismissed the case. Id. at 2.

This unbroken string of defeats has not deterred Mr. Powell. He is back for a ninth time, pressing the same basic complaints about the WTU's alleged failure to adequately represent him—this time against WTU's current President, Ms. Davis. Liberally construed, Powell's *pro se* complaint also attempts to spell out a constitutional due process claim and a claim under the D.C. Human Rights Act. Davis has moved to dismiss the complaint in its entirety, Powell has opposed that motion,[3] and the matter is now ripe for the Court's resolution.

## II. Legal Standards

### A. Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim

---

[3] After Davis filed her motion to dismiss, Powell did not file an opposition *per se*, but he did file a document styled as a "Motion to Strike for Justice," ECF No. 12, that discusses the motion to dismiss. To the extent Powell intended this to serve as an independent motion under Federal Rule of Civil Procedure 12(f), not just an opposition to the motion to dismiss, that motion is denied. A motion to dismiss is not a "pleading" within the meaning of Federal Rule of Civil Procedure 7(a), and is thus not subject to a motion to strike a pleading under Rule 12(f). Ahuruonye v. United States Dep't of Interior, 312 F. Supp. 3d 1, 10 (D.D.C. 2018).

is plausible "when the plaintiffs pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating a motion to dismiss, a court must "treat a complaint's factual allegations as true . . . and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged." Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (citation and quotation omitted); see also Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011). A court need not, however, accept inferences drawn by the plaintiff that are unsupported by facts alleged in the complaint, nor must a court accept a plaintiff's legal conclusions. Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). When reviewing a challenge to the Court's jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), a court may consider documents outside the pleadings to assure itself that it has jurisdiction. See Land v. Dollar, 330 U.S. 731, 735 n.4 (1947); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987). In contrast, on a Rule 12(b)(6) challenge, a court may "only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint and matters about which the Court may take judicial notice." Gustave–Schmidt v. Chao, 226 F. Supp. 2d 191, 196 (D.D.C. 2002).

    B.  Motion for Pre-Filing Injunction

Pre-filing injunctions "remain very much the exception to the general rule of free access to the courts, and the use of such measures against a *pro se* plaintiff should be approached with particular caution." In re Powell, 851 F.2d 427, 431 (D.C. Cir. 1988) (quotation omitted). But an injunction may be appropriate where the record reflects that a litigant has used the courts to "harass a particular adversary" without colorable legal complaints. Id. In considering whether a *pro se* litigant should be enjoined from filing suit, the litigant must "at least[] be provided with an opportunity to oppose" the injunction, and the Court must "make substantive findings as to

5

the frivolous or harassing nature of the litigant's actions." Id. "Overall, the district court should look to both the number and content of the filings as indicia of frivolousness and harassment." Id.

### III. Analysis

Ms. Davis moves to dismiss Mr. Powell's suit on a variety of bases: as barred by *res judicata*, for lack of jurisdiction, and for failure to state a claim. She also asks the Court to enjoin Mr. Powell from filing similar lawsuits in the future. For the reasons that follow, the Court will grant both of Davis's requests.

#### A. Motion to Dismiss

##### 1. *Duty of Fair Representation*

Five previous decisions in this district have explained why this Court has no jurisdiction over Powell's duty-of-fair-representation claim against WTU. This makes six. "As the plaintiff well knows, his exclusive remedy for such employment-related claims comes by way of the District of Columbia's Comprehensive Merit Personnel Act ('CMPA')." Powell v. Gray, No. CV 13-1568, 2013 WL 5615129, at *1 (D.D.C. Sept. 26, 2013); see D.C. Code §§ 1–601.01 *et seq.*; McManus v. District of Columbia, 530 F. Supp. 2d 46, 77-78 (D.D.C. 2007); see also Powell v. Am. Fed. of Teachers, No. 12–1384, 2012 WL 3757731, at *1 (D.D.C. Aug. 22, 2012); Powell v. Am. Fed. of Teachers, 883 F. Supp. 2d 183, 187 (D.D.C. 2012). "Under the CMPA, an employee must first bring a grievance to the District of Columbia Public Employee Relations Board" and "[o]nly after a final order of the PERB has been issued can the plaintiff seek judicial review, which must commence in the Superior Court of the District of Columbia." Powell, 883 F. Supp. 2d at 187 (citations omitted).

Moreover, an adverse decision by the District of Columbia courts does not somehow confer jurisdiction on this Court. "Even though both the Superior Court and the District of Columbia Court Appeals have denied his request for relief, . . . plaintiff still has no recourse in this Court." Powell v. Gray, No. CV 13-1568, 2013 WL 5615129, at *1. "[F]ederal district courts lack jurisdiction to review judicial decisions by state and District of Columbia courts." Richardson v. District of Columbia Court of Appeals, 83 F.3d 1513, 1514 (D.C.Cir.1996) (citing District of Columbia v. Feldman, 460 U.S. 462, 476 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923)). Lacking jurisdiction over any duty-of-fair-representation claim Powell wishes to pursue, the Court must dismiss it.

    2. *Other Claims*

Powell's complaint also hints at a constitutional due process claim under 42 U.S.C. § 1983 and a District of Columbia Human Rights Act claim under D.C. Code § 2-1402.11(a)(3). But the former cannot work because such claims are available only against "a person or entity acting under color of state law," and Davis, a Union president, is not such a person or entity. McManus, 530 F. Supp. 2d at 71. The latter claim, meanwhile, fails because it does not allege that Davis took any action against Powell on the basis of any protected characteristic, like race or religion. Thus, even if this Court had jurisdiction over these narrow slices of Powell's complaint, they nevertheless fail to "state a claim to relief that is plausible on its face." Ashcroft, 556 U.S. at 678 (2009) (quotation omitted). Accordingly, Powell's complaint will be dismissed in its entirety.

    B.  <u>Motion for Pre-Filing Injunction</u>

Dismissal normally is work enough for a defendant. But Ms. Davis wants more: an injunction barring Mr. Powell from filing any similar suit in the future. As Davis recognizes,

7

this is a remedy courts rarely grant. In re Powell, 851 F.2d at 431 (stating that pre-filing injunctions "remain very much the exception to the general rule of free access to the courts"). It is generally appropriate only when a litigant has repeatedly lodged frivolous legal claims to "harass a particular adversary." Id.

The record reflects that Powell has done just that. Powell has now filed nine legal actions pressing the same basic theory: that the WTU did not do enough to represent his interests when he was fired by DCPS. See *supra* 2-3 (recounting litigation history). Every court to consider Powell's arguments has roundly rejected them. Contra In re Powell, 851 F.2d at 432 (rejecting pre-filing injunction where five of plaintiff's seven complaints were still pending and thus not yet shown to be frivolous). This record demonstrates that allowing this pattern to continue will only waste the Court's and the litigants' time. In this district alone, Powell has now forced six different judges to repeat the same conclusion: his claims are not within the jurisdiction of the federal courts. Then there is the burden Powell's persistence has placed on the WTU—a not-for-profit labor union that depends on voluntary membership dues—which has had to defend against Powell's complaints not just in this Court but in D.C. Superior Court and before the PERB. Persistence is a virtue until it is not. However hazy that line may be in some cases, it is bold in this one, and Powell has crossed it.

Powell might argue that some of his later lawsuits have added new wrinkles, suggesting he is trying to find an alternative and viable legal theory, rather than regurgitating those already rejected. For example, the first suit Powell initiated in federal court, which came after his first D.C. Superior Court lawsuit, added a claim about the PERB's dismissal of his unfair labor practice claim against WTU. Compare Powell v. Am. Fed'n of Teachers, 883 F. Supp. 2d 183,

8

184 (D.D.C. 2012),[4] with Powell v. Am. Fed'n of Teachers, Civ. A. No. 12 1384, 2012 WL 3757731, at *1 (D.D.C. Aug. 22, 2012). Moreover, Powell in this suit has attempted—apparently for the first time—to plead a § 1983 and DCHRA claim. But these new additions are clearly meritless, and the consistent thread through every single one of his court filings has been his claim that WTU breached its duty of fair representation.

Mr. Powell might also suggest that the fact that he has named different defendants makes his lawsuits both less frivolous (since they may have a better chance at succeeding against different individuals or entities) and less harassing (since the same defendant doesn't have to respond to each suit). But that would be both inaccurate and unpersuasive. Every iteration of Mr. Powell's complaint makes clear that he is pursuing the WTU, and it is the WTU that has time and again been forced to respond. So while Powell names Ms. Davis, the President of the WTU, as the sole defendant this time around, it wouldn't matter if it were her, some other WTU official, or the WTU itself. His legal theory hasn't changed—it is, and always has been, that the WTU didn't fairly represent him—and he is not entitled to as many bites at the apple as there are different defendants he can somehow include in the case caption.

The Court recognizes that a pre-filing injunction is an extraordinary remedy. In re Powell, 851 F.2d at 413. But once it is clear that a plaintiff will not relent, despite repeated admonitions that his claims lack legal merit, a defendant should not be left without recourse. Mr. Powell has time and again advanced the same baseless legal claim. With no signs of him slowing down, the Court will issue a pre-filing injunction requiring Mr. Powell to obtain leave to

---

[4] This suit was originally filed in D.C. Superior Court but was removed, which explains the D.D.C. citation.

file any future lawsuit premised on WTU's alleged failure to adequately represent him or the PERB's rejection of his complaint.

## IV. Conclusion

For the foregoing reasons, the Court will grant defendant's motion to dismiss and motion for a pre-filing injunction.[5] This case will be dismissed in its entirety and terminated. The Court will direct the Clerk to open a new miscellaneous case where all motions for leave to file and other pleadings related to the pre-filing injunction shall be docketed. A separate Order shall accompany this memorandum opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: October 30, 2018

---

[5] Though the Court remains somewhat unclear what Mr. Powell seeks with his "motion for equal service," see Mot. for Equal Service (ECF No. 8), to the extent he argues that defendant is obligated to provide him with counsel, he is incorrect and that motion is denied.